IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:20-CV-165 |
| | § | |
| 11.580 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATED IN STARR COUNTY, | § | |
| STATE OF TEXAS; AND VIOLA | § | |
| GARZA, et al., | § | |
| *Defendants.* | § | |

**DEFENDANTS', VIOLA GARZA, ALMA LYDIA COPLEN, FELIX TADEO MARTINEZ, ALICIA M. KOENEKE, SONIA M. MORTON, MARIA O. GARZA, AND ILEANA M. BACA, FIRST AMENDED ANSWER AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Viola Garza, Alma Lydia Coplen, Felix Tadeo Martinez, Alicia M. Koeneke, Sonia M. Morton, Maria O. Garza, and Ileana M. Baca, Defendants in the above entitled and numbered cause, and file this Amended Answer and Jury Demand under authority of Rule 71.1(e)(2) of the Federal Rules of Civil Procedure in response to United States of America's Motion to Correct Schedule "A" Due to Scrivener's Error and United States of America's Complaint in Condemnation and Declaration of Taking, and would show the Court as follows:

***RESPONSE TO COMPLAINT IN CONDEMNATION (DOCUMENT 1):***

1. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2. Defendants admit the allegations in section 2, subject to their objections and defenses hereinafter.

1

3. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5. Upon information and belief, Defendants collectively own an undivided 75% interest in Property at issue.

6. To the extent that section 6 requires an answer, Defendants object to the extent that said Schedule "E" fails to identify or properly describe the location of access gates to the riverside remainder.

7. To the extent that section 7 requires an answer, Defendants object to the extent that said Schedule "F" does not justly compensate Defendants for their interest in the land being taken or the damages to the whole, including the riverside remainder being affected by the condemnation efforts.

8. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 8.

9. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 9.

10. Defendants deny that Plaintiff is entitled to a judgment or any other relief prayed for in the prayer of the Complaint in Condemnation.

*RESPONSE TO DECLARATION OF TAKING (DOCUMENT 2):*

1. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 1.

2. Defendants admit the allegations in section 2, subject to their objections and defenses set out hereinafter.

3. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 3.

4. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in section 4.

5. To the extent that section 5 requires an answer, Defendants collectively own an undivided 75% interest in Property at issue. Further, Defendants object to the extent that Schedule "E" fails to identify or properly describe the location of access gates to the riverside remainder.

6. Defendants deny that the sum estimated is just compensation for the land being condemned. Defendants assert that the just compensation is much greater, in part, due to the fact that Plaintiff has not properly taken into account: the remainder damages (including but not limited to riverside remainder damages), the reduced value due to access limitations, failure to rely upon legitimate comparable sales, failure to consider the longstanding lease history, and failure to consider the valuable characteristics of the part taken. Pursuant to Rule 71.1(h)(1)(B), Fed. R. Civ. P., Defendants request and demand a trial by jury to establish the just and fair compensation for the land being taken and the remainder being affected.

7. To the extent that section 7 requires an answer, Defendants collectively own an undivided 75% interest in Property at issue.

8. Defendants deny that Plaintiff had made its best efforts to negotiate the acquisition of the property interest sought prior to filing the condemnation action. Specifically, Defendants contend that Plaintiff failed to negotiate in good faith, attempted to coerce Defendant into accepting a wholly unreasonable initial offer by threatening litigation, withholding relevant and necessary information and documentation (after being requested numerous times) in an attempt to conceal the fact that the initial offer was wholly unreasonable and restrict Defendants' ability to analyze the alleged initial "good faith offer."

***DEFENDANTS' OBJECTIONS AND DEFENSES:***

Pursuant to Fed. R. Civ. P. 71.1(e)(2), Defendants set out all of the following objections and defenses to the Complaint in Condemnation and Declaration for Taking. Defendants would show as follows:

1. Defendants object to the Complaint in Condemnation and Plaintiff's Motion for Immediate Possession based on the fact that U.S. Customs and Border Protection has failed to conduct any current and up-to-date independent Analysis of Alternatives to identify the most appropriate and effective solutions to obtain complete operational control of the southern border. "Although directed to do so by Congress and the Department, CBP did not conduct an AoA to assess and select the most effective, appropriate, and affordable solutions to obtain operation control of the southern border." *See Office of Inspector General Memorandum 20-52, "CBP Has Not Demonstrated Acquisition Capabilities Needed to Secure the Southern Border," dated July 14, 2020 at 7.*

2. Defendants object to the Complaint in Condemnation and Plaintiff's Motion for Immediate Possession based on the fact that U.S. Customs and Border Protection has

failed to "use a sound, well-documented methodology to identify and prioritize investments in areas along the border that would best benefit from physical barriers." *See Office of Inspector General Memorandum 20-52, "CBP Has Not Demonstrated Acquisition Capabilities Needed to Secure the Southern Border," dated July 14, 2020 at 1.*

3. Defendants object to the Complaint in Condemnation and Plaintiff's Motion for Immediate Possession based on the fact that U.S. Customs and Border Protection has failed to satisfy the congressional requirements that it submit a risk-based plan for improving security along the U.S. border that identifies the planned locations, quantities, and types of resources, which also was to include a description of the sound methodology and analyses used to select specific resources for deployment to particular locations. *See Office of Inspector General Memorandum 20-52, "CBP Has Not Demonstrated Acquisition Capabilities Needed to Secure the Southern Border," dated July 14, 2020 at 8-9.*

4. The Act of Congress approved February 15, 2019, as Public Law 116-6, div. A. tit. II, Section 230, requires that "[n]ot later than 180 days after the date of the enactment of this Act, the Secretary of Homeland Security shall submit to the Committee on Appropriations of the Senate, the Committee on Appropriations of the House of Representatives, and the Comptroller General of the United States an updated risk-based plan for improving security along the borders of the United States that includes the elements required under subsection (a) of section 231 of division F of the Consolidated Appropriations Act, 2018 (Public Law 115-141), which shall be evaluated in accordance with subsection (b) of such section. To the extent applicable, Plaintiff has failed to show compliance.

5. The Act of Congress approved February 15, 2019, as Public Law 116-6, div. A. tit. II, Section 232, requires that "[p]rior to use of any funds made available by this Act for the construction of physical barriers within the city limits of any city or census designated place described in subsection (c), the Department of Homeland Security and the local elected officials of such a city or census designated place shall confer and seek to reach mutual agreement regarding the design and alignment of physical barriers within that city or the census designated place (as the case may be). Such consultations shall continue until September 30, 2019 (or until agreement is reached, if earlier) and may be extended beyond that date by agreement of the parties, and no funds made available in this Act shall be used for such construction while consultations are continuing. To the extent applicable, Plaintiff has failed to show compliance.

4

6.  Plaintiff failed to abide by the requirements of Title 8 USCA § 1103(B), in that Plaintiff did not engage in good faith negotiation with Defendants prior to filing the present condemnation proceeding. Specifically, Defendants contend that Plaintiff failed to negotiate in good faith, attempted to coerce Defendant into accepting a wholly unreasonable initial offer by threatening litigation, withholding relevant and necessary information and documentation (after being requested numerous times) in an attempt to conceal the fact that the initial offer was wholly unreasonable and restrict Defendants' ability to analyze the alleged initial "good faith offer." As such, Defendants request that this cause be dismissed in accordance with Fed. R. Civ. Proc. 71.1(i)(1)(C). Defendants further ask that this Court order Plaintiff to provide all the information used to determine "just compensation," including appraisal reports which have not been produced.

7.  Defendants object to the extent Plaintiff's alleged just compensation was determined by appraisals which violate USPAP. Defendants request that Plaintiff be required to obtain valid appraisals which be performed in accordance with all USPAP regulations, and subsequently initiate good faith negotiations with Defendants.

8.  Defendants object to the extent Plaintiff's alleged just compensation value was determined by appraisals done significantly prior to the initiation of the condemnation proceeding. Defendants request that Plaintiff be required to obtain current and accurate valuations of the Property at issue and subsequently initiate good faith negotiations with Defendants.

9.  Defendants object to the extent that Plaintiff has failed to perform an annual risk assessment in relation to the alleged illegal crossings on the Property at issue.

10. Defendants object to the extent Plaintiff has failed to present evidence to this Court or Defendants that there is an operational need for the present taking and border barrier being proposed. Defendants further request that this Court order Plaintiff to provide all the information and documentation regarding the alleged operation need in relation to the Property at issue.

11. Defendants object to the extent that Plaintiff has failed to present hydrology reports and IBWC approval in relation to the border barrier to be constructed on Property at issue. Defendants further request that this Court order Plaintiff to provide all hydrology reports and IBWC approvals in relation to the border barrier to be constructed on Property at issue.

12. Defendants object to the extent that Plaintiff has failed to present geotechnical studies and environmental approvals in relation to the border barrier to be constructed on Property at issue. Defendants further request that this Court order Plaintiff to provide all geotechnical studies and environmental approvals in relation to the border barrier to be constructed on Property at issue.

13. Defendants object to the extent that Plaintiff has failed to present a full and complete project plan to Defendants in relation to the border barrier to be constructed on Property

at issue. Defendants further request that this Court order Plaintiff to provide a full and complete project plan in relation to the border barrier to be constructed on Property at issue.

14. Defendants object to the extent that Plaintiff has failed to identify the origin and approval of the funding for the border barrier to be constructed on the Property at issue. Defendants further request that this Court order Plaintiff to provide information evidencing the origin and approval of the funding for the border barrier to be constructed on Property at issue.

15. Defendants object to the extent that the public purpose for which the interest in the property is being taken may exceed the statutory authorization in Title 8 USCA § 1103(b) and note.

16. Defendants object to the extent that Plaintiff's actions are unconstitutional.

17. Defendants object to the extent Plaintiff's actions are in violation of the due process clause of the United States Constitution and constitute a violation of Defendants' rights of due process provided under the United States Constitution.

18. To the extent that parts of the Endangered Species Act ("ESA") of 2017, 16 U.S.C. § 1536(a)(2) may apply, Plaintiff should be required to comply with those applicable provisions.

19. The Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, § 564, 121 Stat. 1844, 2090-91 (2007), requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and property owners in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which such fencing is to be constructed." To the extent applicable, Plaintiff has failed to conduct any meaningful consultation with the Defendants and has failed to show compliance.

20. The Act of Congress approved March 23, 2018, as Public Law 115-141, div. F. tit. II, Section 230, requires Plaintiff to have a plan to consult with State and local elected officials on the eminent domain and construction process relating to physical barriers; and analysis, following consultation with the Secretary of the Interior and the Administrator of the Environmental Protection Agency, of environmental impacts, and a certification by the Under Secretary of Homeland Security for Management that the plan was review and approved and all activities under the plan complied with the acquisition rules, requirements, guidelines and practices. To the extent applicable, Plaintiff has failed to show compliance.

21. To the extent that parts of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, Sections 4601, et. seq. may apply, Plaintiff should be required to comply with those applicable provisions.

22. That any order of possession be done in compliance with Title 40 USCA § 3114.

23. In the alternative, that the Court fix the time and the terms on which Plaintiff may take possession of the property seeking to be condemned.

24. Defendants reserve the right to receive all written notices which may be required before they must move off property seeking to be condemned, and in connection with that, asks for that to be part of the terms and conditions in any order of possession.

25. In addition, Defendants request that the Court make other just and equitable orders concerning ad valorem taxes and assessments of the property being condemned.

26. Defendants request a trial by jury as noted hereinabove pursuant to Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the land being taken and the remainders noted on the Plaintiff's schedules, which will be severed from the part taken.

27. As stated above, Plaintiff refused to provide Defendants with documents evidencing how Plaintiff arrived at the value of the initial offer. To the extent that said "just compensation" does not take into consideration the remainder damages (including, but not limited to the riverside remainder), restricted access to riverside remainder, valuable characteristic of the part taken, and relocation of irrigation infrastructure, Defendants object and request that Plaintiff be ordered to consider the above. In the alternative, Defendants reserve the right to bring a claim for inverse condemnation, if necessary.

28. Answering further, Defendants reserve all rights under Title 28 USCA § 2412, the Equal Access to Justice Act to recover attorney's fees for the condemnation. Also, *see USA V. 329.73 Acres of Land, et al.,* 704 F.2d 800 (5th Cir. 1983, *en banc).*

29. Defendants also reserve the right to receive additional interest on any final award of compensation as provided for in Title 40 USCA § 3116, to the extent applicable.

30. To the extent that the property being condemned is abandoned or the project is not completed, and to the extent Defendants could have a right of first refusal in any abandoned property at issue, Defendants hereby request the right to purchase or right of first refusal to the land being taken.

31. Defendants object to the extent Plaintiff may not have complied with all federal statutes before declaring a public purpose.

32. Defendants object and hereby request just compensation to the extent that Plaintiff had arbitrarily and/or capriciously offered more compensation to others for similarly situated land.

33. Defendants object as Plaintiff failed to make a good faith effort to negotiate with Defendants.

34. Defendants object as Plaintiff has failed to provide evidence to this Court that it made a good faith effort to negotiate with Defendants.

35. Defendants object to the extent Plaintiff has failed to comply with the Memorandum Opinion entered on March 7, 2008 in *U.S.A v. 1.04 Acres of Land, et al.*

36. Defendants object as Plaintiff has failed to meet all conditions precedent necessary to file this condemnation proceeding.

37. Defendants object to the extent Plaintiff failed to use the unitary holding principle to establish severance damages for all of the remaining property of Defendants between the fence and the Rio Grande River.

38. Defendants object as the deposit for the taking is inadequate.

39. Defendants further reserve the right to file additional defenses and objections to this condemnation complaint if and when Defendants are provided with additional documents regarding the taking, project plan, and valuation; if any amendments are filed by Plaintiff; or if circumstances should change in any way.

**WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that:**

1. This cause be dismissed for Plaintiff's failure to fulfill the conditions precedent required of Plaintiff prior to commencing this condemnation proceeding;

2. In the alternative, that this cause be abated until Plaintiff complies with the conditions precedent required of Plaintiff prior to commencing this condemnation proceeding;

3. If this cause is not dismissed, that judgment be rendered denying Plaintiff's right to condemn Defendants property referenced above;

4. In the alternative, if Defendants' property is condemned, that the Court consider all the objections and defenses set out above;

5. Defendants be allowed to recover all of their expenses for attorney's fees in defending against this condemnation proceeding pursuant to the provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 USC § 4654(a)(1) if applicable, and the Equal Access to Justice Act, Title 28 USC § 2412;

6. Defendants request a trial by jury, pursuant to Rule 71.1(h)(1)(B) on the issue of just and adequate compensation; and

7. The Court grant Defendants such other and further relief to which they may be entitled to receive.

Respectfully submitted,

ELLIS KOENEKE & RAMIREZ, L.L.P
1101 Chicago Ave.
McAllen, Texas 78501
Telephone: (956) 682-2440
Facsimile: (956) 682-0820

By:      /s/ *Thomas Daniel Koeneke*
THOMAS DANIEL KOENEKE
State Bar No. 24073527
Federal Admissions ID No. 1785860
Email: daniel@ekrattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, a copy of the foregoing Answer was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record.

 /s/ *Thomas Daniel Koeneke*
THOMAS DANIEL KOENEKE