UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-165 |
| | § | |
| 11.580 ACRES OF LAND, MORE OR | § | |
| LESS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court now considers the "Opposed Motion of the United States of America for Order of Immediate Possession"[1] (hereafter, "motion for immediate possession") filed by the United States of America ("United States"). Defendants Viola Garza, Alma Lydia Coplen, Felix Tadeo Martinez, Alicia M. Koeneke, Sonia M. Morton, Maria O. Garza, and Ileana M. Baca (hereafter, collectively, "Defendants") did not file a formal response. However, Defendants amended their answer to include multiple objections to the motion for immediate possession.[2] The Court also considers the "Motion to Correct Schedule 'A' Due to a Scrivener's Error"[3] (hereafter, "motion to correct Schedule A"). For the reasons stated herein, the Court **DENIES** the United States' motion for immediate possession and **GRANTS** the motion to correct Schedule A.

### I.  MOTION FOR IMMEDIATE POSSESSION

In the motion for immediate possession, the United States informs the Court that all Defendants are opposed to the motion, except for the Estate of Rolando J. Vallejo. The United States provides that it "conferred with Oscar Gomez, Attorney for the Applicant for the Estate of Rolando J. Vallejo, by telephone on July 21, 2020, and he is unable to provide a position on this

---

[1] Dkt. No. 10.
[2] *See* Dkt. No. 11.
[3] Dkt. No. 9.

motion as an Executor for the Estate has not yet been identified."[4] The United States provides the

following summary as to the status of the Estate of Rolando J. Vallejo:

> On June 30, 2020, Attorney Oscar Gomez filed an Application for Probate of Will and Issuance of Letters Testamentary on behalf of The Estate of Rolando J. Vallejo in the County Court of Hidalgo County (case #40079). Plaintiff has served the Applicant with Notice of Condemnation; however, an executor has not yet been appointed for the Estate and may not be appointed in the near future because an objection to the appointment of applicant as executor was filed on July 16, 2020. All three heirs identified in the last will and testament of Rolando J. Vallejo have been provided with the Notice of Condemnation.

The Court finds that the United States' filing of a motion for immediate possession is

premature. First, the Court has warned the United States on numerous occasions that its form

motion for immediate possession is inadequate. The United States files identical motions for

immediate possession in nearly every land condemnation case before this Court, none of which

provide any argument as to the immediacy of the motion. Each motion merely states, "[t]ime is

of the essence."[5] As the Court has previously noted to the United States, "[b]road statements

such as [this] provide the Court with little to no information as to why the United States requires

immediate possession outside of its statutory entitlement pursuant to the [Declaration of Taking]

Act."[6] The Court's time is also of the essence, and it declines to continue to search through each

of the United States' hollow motions for any substance in support of immediate possession.

Second, the United States admits that all proper parties have not been added to the action.

The Estate of Rolando J. Vallejo has an interest in the property at issue in this action and has not

been given the opportunity to participate in the proceeding or argue against immediate

possession. Although the United States has served all of Rolando J. Vallejo's heirs with the

Notice of Condemnation, they have not been added as parties to the action and cannot properly

---

[4] Dkt. No. 10 at 5.
[5] *Id.* at 1.
[6] *See United States of America v. 72.26 Acres of Land, More or Less, et al,* Case No. 7:19-cv-250 (Dkt. No. 17).

substitute for the Estate of Rolando J. Vallejo prior to being appointed as executor of the Estate. Moreover, this case does not involve a temporary taking or an easement – it involves the fee simple taking of an 11.58-acre tract of land with an estimated just compensation amount of $162,772.00.[7] Accordingly, the Court will not award the United States possession until all parties are added to the case and given the opportunity to agree to or oppose possession.

For the reasons stated herein, the Court hereby **DENIES** the motion for immediate possession.[8] The Court now turns to the motion to correct Schedule A.

## II.   MOTION TO CORRECT SCHEDULE A

The United States moves to correct each Schedule A contained in the complaint in condemnation,[9] notice of condemnation,[10] and declaration of taking[11] on the grounds that they "only [include] a citation to the 2018 appropriations bill, but not a citation to the 2019 appropriations bill, even though the funding for the taking existed at the time of filing."[12] The United States requests the Court grant the motion to correct Schedule A and "enter an Order correcting the citation in Schedule A of the Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation."[13]

The United States has made identical requests to the Court in multiple cases, all of which predated the instant case.[14] Yet, the United States still filed its form condemnation documents commencing this case on June 22, 2020, knowing that Schedule A included a scrivener's error. Once again, the United States exhibits a lack of diligence in its filings and forces this Court to consider a motion correcting a mistake that the United States was already aware of prior to its

---

[7] Dkt. No. 2-1 at 17–20.
[8] Dkt. No. 10.
[9] Dkt. No. 1-1 pp. 1–2.
[10] Dkt. No. 3-1 pp. 1–2.
[11] Dkt. No. 2-1 pp. 1–2.
[12] Dkt. No. 9 at 1, ¶ 4.
[13] *Id.* at 2, ¶ 5.
[14] *See* Case Nos. 7:19-cv-250 (Dkt. No. 12); 7:19-cv-254 (Dkt. No. 16); 7:19-cv-270 (Dkt. No. 15).

filing of the complaint in Condemnation, declaration of taking, and notice of condemnation on this Court's docket.

Nonetheless, given that the United States' request to correct the scrivener's error is so minimal in nature, the Court hereby **GRANTS** the motion to correct Schedule A.[15] The Court **ORDERS** the United States to file its amended Schedules as separate documents on the docket. However, the Court gives the United States notice herein that any land condemnation filing or pleading filed after the date of this Order that includes a citation to the 2018 appropriations bill, rather than the most recent appropriations bill, will be stricken from this Court's docket. The Court will also exercise its authority to issue sanctions or order the United States to show cause for its indolent practice of law.

### III.   HOLDING

Accordingly, the Court hereby **DENIES** the United States' motion for immediate possession[16] and **GRANTS** the motion to correct Schedule A.[17] The Court hereby **ORDERS** the United States to provide the Court with an update as to the status of the Estate of Rolando J. Vallejo's probate proceeding in the joint discovery/case management plan, which is due by **September 4, 2020** in preparation for the parties' September 15, 2020 initial pretrial and scheduling conference.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 3rd day of September, 2020.

_____
Micaela Alvarez
United States District Judge

---

[15] Dkt. No. 9.
[16] Dkt. No. 10.
[17] Dkt. No. 9.