**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.   7:20-CV-165 |
| | § | |
| 11.580 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, TEXAS; AND VIOLA GARZA, ET AL., | § § § § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER F.R.C.P. 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

    Pursuant to Rule 26(f) Federal Rules of Civil Procedure, the Plaintiff and Counsel for Defendants VIOLA GARZA, ALMA LYDIA COPLEN, FELIX TADEO MARTINEZ, ALICIA M. KOENEKE, SONIA M. MORTON, MARIA O. GARZA, AND ILEANA M. BACA, collectively owning an undivided 75% interest in the Property at issue (hereinafter referred to as "Defendants"), conferred by phone on August 15, 2020. The remaining 25% is owned the Estate of Rolando J. Vallejo. The beneficiaries of the estate and heirs of Rolando J. Vallejo are Sandra Yvette V. Ethridge, Luis Amadeus Vallejo and Melissa Victoria Vallejo. However, there is currently a dispute in probate court as to whom the executor/executrix will be. As a result, there is no representative assigned to the estate to speak or negotiate on its behalf with the United States.

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

    Plaintiff provided initial disclosures pursuant to Rule 26(a)(1)(A) on August 11, 2020 pursuant to Rule 26(a)(1)(C). Defendants shall provide initial disclosures on September 11, 2020.

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

4. **Briefly describe what this case is about.**

   Plaintiff's Response: This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking and for the determination and award of just compensation to the owners and parties in interest.

   Defendants' Response: This is a civil action brought by the United States of America to condemn approximately 11.58 acres of land, effectively dividing Defendants' Property in half, through a Declaration of Taking, without first satisfying all conditions precedent.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   The Estate of Rolando J. Vallejo owner of the remaining 25% undivided interest in the Property at issue. This interest is currently involved in a probate dispute as to who the executor/executrix will be. Moreover, the following is the procedural history and status of that case:

   On June 30th 2020, an application was filed to probate the will.

   On July 16, 2020, a notice of objection was filed by one of the beneficiaries.

   The next setting to determine the executor/executrix for the Estate of Rolando J. Vallejo is set for October 7, 2020 at 9:30 a.m. in the Probate Court of Hidalgo County, Texas.

8. **List anticipated interventions.**

None.

9. **Describe any class-action issues.**

   None.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

       None.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

       The United States anticipates sending interrogatories to the defendants in this action within 30 days after the entry of the Court's scheduling order.

    C. **When and to whom the defendant anticipates it may send interrogatories?**

       The Defendants anticipate sending interrogatories to the Plaintiff within 60 days after the entry of the Court's scheduling order.

    D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

       The United States anticipates taking the depositions of the defendants and any individuals with relevant knowledge identified by the defendant in this action by the end of the discovery period as designated by the Court.

    E. **Of whom and by when the defendant anticipates taking oral depositions?**

       The Defendants anticipate taking the deposition of the Plaintiff and any and all individuals with relevant knowledge as identified by the Plaintiff in this action, and any individuals who may later be identified by Plaintiff or Defendants if any, including but not limited to representatives from USACE, U.S. Customs and Border Protection, Office of Inspector General, Department of Homeland Security, IBWC, Wall Program Management Office, and U.S. Border Patrol Program Management Office, by the end of the discovery period as designated by the Court.

    F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The Defendants have the burden of proof regarding the issue of just compensation in this action. Defendants anticipate being in a position to designate experts within 120 days of the issuance of a scheduling order in this case.

The United States anticipates being in a position to designate responsive experts within 120 days of the scheduling order in this case. The United States would ask the Court to consider allowing a second deadline to allow for rebuttal experts if the United States is ordered to designate experts on the same date as the defendants.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendants anticipate taking the depositions of all experts designated by the Plaintiff prior to the end of the discovery period.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The United States anticipates taking the depositions of all experts designated by the defendants prior to the end of the discovery period.

**I. All other matters raised in Rule 26(f).**

Not Applicable.

**11. If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Parties are in agreement with the proposed discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

A telephonic meeting with Assistant United States Attorney, Alexander DerGarabedian and defense counsel, Daniel Koeneke took place on August 15 and August 25, 2020, discussing settlement negotiations and other pertinent facts of the case. No other discovery has been undertaken.

**13. State the date the planned discovery can reasonably be completed.**

Parties anticipate that discovery can be reasonably completed in 210 days after the entry of the Court's scheduling order. That being said, Parties would respectfully request that the entry of a scheduling order be postponed for sixty (60) days to allow the Parties sufficient time to continue settlement negotiations.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were**

**discussed in your Rule 26(f) meeting.**

The Parties have and continue to engage in meaningful settlement discussions. As such, the Parties would respectfully request that the entry of a scheduling order by the Court be postponed for sixty (60) days in order to allow the Parties to explore all settlement options and attempt to resolve this matter.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

On April 1, 2020, Daniel Koeneke, who represents only 75% of the interested parties, contacted the United States in response to an offer to sell sent to his client. Mr. Koeneke requested a copy of the government's appraisal report, appraisal review, and where gate locations were being proposed. The government reached back out the same day but was unable to speak to Mr. Koeneke.

On April 1, 2020, Sandra Riggs, representative of the USACE, sent an e-mail to Mr. Koeneke stating that they are not authorized to release government appraisals, but that they could provide a list of comparable sales and arrange a design consultation meeting.

On April 7, 2020, the United States reached out to Mr. Koeneke to provide comparable sales used by the government's appraisers and the valuation summary of the before and after values reflected in the appraisal. Additionally, an aerial map was provided to Mr. Koeneke as well as an offer to meet with Border Patrol for a design consultation.

On April 8, 2020, Mr. Koeneke reach out to the United States requesting the comparable sales analysis to go with the list of the comparable sales, and the support utilized to make any percentage adjustments in relation to each comparable sale, and surveys of the property. The information was requested in order to help resolve what he believed was a discrepancy in value as this would allow for negotiations to begin. In response, the United States advised that most of the requested information was prepared in contemplation of litigation and is not discoverable yet. Finally, on this day, the United States learned that there is a tenant-farmer who is not an interested party on the property.

On April 9, 2020, the United States informed Mr. Koeneke, via email, elaborating on how the value of the property was determined.

On April 9, 2020, in response, Mr. Koeneke expressed his concern that the property was undervalued and that information and documentation was being withheld by the United States. Further, Mr. Koeneke expressed concerns in relation to the United States merely providing an excel spreadsheet with three comparable sales one of which was 10 years old and the most recent of which was 4 years old, which the United States said it relied upon for the valuation of the alleged just compensation. Mr. Koeneke also expressed concerns that the spreadsheet did not provide any substantive information, as it failed to include the characteristics of the comparables, and more importantly failed to identify the adjustments made by the appraiser for each comparable used to calculate the alleged just compensation.

On April 20, 2020, Mr. Koeneke requested a design consultation from the United States.

On April 22, 2020, Mr. Koeneke expressed concerns in relation to alleged violations of Yellow Book regulations by the government's appraiser, again requesting the comparable characteristics and adjustments which are necessary to determine the analysis, and identifying additional issues with the alleged valuation analysis.

On April 23, 2020, the United States responded stating the appraisals could not be produced as it was not public information, and that the USACE was the intended user of the appraisal.

On May 8, 2020, the United States sent a revised offer to sell detailing how they came up with the proposed figure.

On June 17, 2020, Mr. Koeneke presented a counter offer to the government's offer to sell on behalf of his clients.

On August 17, 2020, the probate court of Hidalgo County, Texas issued an order setting a hearing to address the objection of the proposed executor and potentially select an executor/executrix.

On September 3, the United States reached out to all known and listed beneficiaries via email and telephone advising of this joint discovery case management plan and of the hearing set for September 15, 2020.

The United States and Mr. Koeneke continue to work together in the interest of settlement as best they can without a representative currently assigned to the parties who own 25% of the property.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

The United States makes no demand for a jury trial. Defendants requested a trial by

jury pursuant to Rule 71.1(h)(1)(B) in the Original Answer filed on July 13, 2020.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate a minimum of 12 hours per side to present the evidence in this matter.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    Plaintiff filed a Disclosure of Interested Parties with the Court on July 1, 2020. Defendants filed a Disclosure of Interested Parties with the Court on August 18, 2020.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:
    ALEXANDER N. DERGARABEDIAN
    Assistant United States Attorney
    Southern District of Texas No. 3381593
    1701 W. Bus. Hwy. 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 992-9380
    Facsimile: (956) 618-8016
    E-mail: alexander.dergarabedian@usdoj.gov
    Attorney in Charge for Plaintiff


    COUNSEL FOR DEFENDANTS:
    THOMAS DANIEL KOENEKE
    ELLIS KOENEKE & RAMIREZ, L.L.P
    State Bar No. 24073527
    Federal Admissions ID No. 1785860
    1101 Chicago Ave.
    McAllen, Texas 78501
    Telephone: (956) 682-2440
    Facsimile: (956) 682-0820
    Email: daniel@ekrattorneys.com

Attorney in Charge for Defendants

| | |
|---|---|
| **FOR DEFENDANT:**<br>With Permission<br><br>ELLIS KOENEKE & RAMIREZ, L.L.P<br>1101 Chicago Ave.<br>McAllen, Texas 78501<br>Telephone: (956) 682-2440<br>Facsimile: (956) 682-0820<br><br>By:   /s/ Thomas Daniel Koeneke<br>       THOMAS DANIEL KOENEKE<br>       State Bar No. 24073527<br>       Federal Admissions ID No. 1785860<br>       Email: daniel@ekrattorneys.com | Respectfully submitted,<br><br>**RYAN K. PATRICK**<br>United States Attorney<br>Southern District of Texas<br><br>*s/ Alexander N. DerGarabedian*<br>**ALEXANDER N. DERGARABEDIAN**<br>Assistant United States Attorney<br>Southern District of Texas No. 3381593<br>New York Bar No. 5103577<br>1701 W. Bus. Highway 83, Suite 600<br>McAllen, TX 78501<br>Telephone: 956-992-9380<br>Facsimile: (956) 618-8016<br>E-mail: alexander.dergarabedian@usdoj.gov<br>Attorney in Charge for Plaintiff |

## **CERTIFICATE OF SERVICE**

I, Alexander N. DerGarabedian, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on September 4, 2020, I mailed a true and correct copy of the foregoing document to the all parties still remaining in this case.

By:   *s/ Alexander N. DerGarabedian*
      **ALEXANDER N. DERGARABEDIAN**
      Assistant United States Attorney